The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner; the appealing party has shown no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement and at the hearing as
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Royal Sun Alliance Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on August 1, 1999, when she slipped and fell at work.
5. Plaintiff's average weekly wage was $316.26 which yields a compensation rate of $210.85 per week.
6. The issues for determination are:
 a. Whether plaintiff is entitled to temporary total disability benefits following her termination on March 7, 2000?
 b. Whether plaintiff was terminated for causes unrelated to her work injury for which any non-injured person would have been terminated?
 c. Does plaintiff retain any permanent partial disability as a result of the compensable injury?
7. The parties stipulated the following documentary evidence:
a. Exhibit 1, Medical Records,
b. Exhibit 2, I.C. Forms 22, 33, 28B, 25R, 28, 60, 19, and 18,
c. Exhibit 3, Plaintiff's Answers to Interrogatories.
 ***********
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following additional
 FINDINGS OF FACT
1. On August 1, 1999, plaintiff was a forty-six year old female who was employed as a packer. As she was going to the print department, plaintiff slipped on material on the floor, which resulted in injuries to her right knee and ankle.
2. Plaintiff was initially treated at Monroe Urgent Care, where she was diagnosed with a right knee and ankle sprain. Dr. Thomas Friedrich of Carolina Bone Joint began treating her; and after diagnostic studies were reported as normal, he began to suspect a mental component to plaintiff's pain complaints.
3. Plaintiff was sent to orthopedist Dr. David DuPuy for a second opinion. Following physical examination, Dr. DuPuy found plaintiff exhibited exaggerated pain behavior and symptom magnification.
4. Plaintiff was disabled from work as a result of the compensable injury from August 2, 1999 through November 4, 1999, for which she received temporary total disability compensation. She returned to work on November 5, 1999.
5. By January 21, 2000, Dr. David N. DuPuy found plaintiff had reached maximum medical improvement and retained no permanent impairment as a result of the compensable injury.
6. Prior to the compensable injury on August 1, 1999, plaintiff had been written up for a number of absences and tardies. She was suspended due to her attendance problems prior to August 1, 1999. Between August 1, 1999 and January 19, 2000, the employer did not issue any warnings to plaintiff as a result of her attendance.
7. The employer's attendance policy provided that if an employee received three written warnings in a two-year period, they would be terminated. The defendant-employer had terminated other employees under this policy.
8. Plaintiff was well aware of defendant-employer's attendance policy.
9. Plaintiff received three written warnings for her attendance problems, including a two-day suspension from work, prior to August 1, 1999.
10. Plaintiff received her final warnings after six occurrences, between February 2, 2000 and March 2, 2000, after which she was terminated on March 17, 2000, in accordance with defendant-employer's attendance policy. Therefore, defendants had just cause to terminate plaintiff's employment.
11. Plaintiff's tardies from February 2, 2000 through March 2, 2000 were not due to any problems related to the compensable injury.
12. Plaintiff was referred to The Rehab Center for pain management.
13. Dr. Carlton was unable to causally relate plaintiff's problems to the compensable injury. Instead, he found plaintiff to have a healing foot fracture, which was due to unrelated causes.
 ***********
The foregoing findings of fact engender the following
 CONCLUSIONS OF LAW
1. Plaintiff is not entitled to additional temporary total disability benefits after her termination on March 7, 2000, because she was terminated for just cause.
2. Because plaintiff does not retain any permanent impairment as a result of the compensable injury, she is not entitled to benefits under N.C. GEN. STAT. § 97-31.
3. Plaintiff is not entitled to additional medical treatment because any ongoing foot problems are not causally related to the compensable injury.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiff's claim for additional temporary total disability and permanent partial disability benefits is DENIED.
2. Each side shall pay its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER